**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| DEBORAH LOCASCIO and DAVID SUMMERS, Individually and as representative of a class of similarly situated persons, on behalf of the FLUOR CORPORATION EMPLOYEES' SAVINGS INVESTMENT PLAN, <br><br> Plaintiffs, <br><br> v. <br><br> FLUOR CORPORATION, THE BOARD OF DIRECTORS OF FLUOR CORPORATION, THE FLUOR CORPORATION BENEFITS ADMINISTRATIVE COMMITTEE, THE FLUOR CORPORATION RETIREMENT PLAN INVESTMENT COMMITTEE and DOES No. 1-30, Whose Names Are Currently Unknown, <br><br> Defendant. | No. 3:22-cv-00154-X |

**PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA**

## I.      INTRODUCTION

Plaintiffs Deborah Locascio and David Summers (collectively, "Plaintiffs"), individually and on behalf of the Fluor Corporation Employees' Savings Investment Plan (the "Plan") and a proposed class of participants and beneficiaries of the Plan, oppose the Chamber of Commerce of the United States of America's ("Chamber") Motion for Leave to File Brief of *Amicus Curiae* in Support of Defendants' Motions to Dismiss Plaintiffs' Amended Complaint (the "Motion") (ECF No. 48).

While the Chamber of Commerce may have a strong opinion on trends in litigation challenging imprudent investments in employer-sponsored retirement plans, the Chamber's transparent efforts to lobby the Court make it extremely improbable that the Chamber's proposed participation as *amicus curiae* will provide meaningful assistance to the Court in resolving the Motion to Dismiss filed by Defendants, Fluor Corporation, the Fluor Corporation Benefits Administrative Committee, and the Fluor Corporation Retirement Plan Investment Committee (collectively, "Fluor"), and Mercer Investments, LLC ("Mercer" and with Fluor, "Defendants"). Indeed, this case is just one of the Chamber's many recent attempts to strategically curtail ERISA plaintiffs' public participation and stifle their ability to bring actions to protect their financial interests.

The Chamber's proposed *amicus* brief, which is attached as an exhibit to its Motion, raises broad policy arguments that are far removed from the Complaint (ECF No. 18) and repeats arguments that Defendants already raised in their respective motion to dismiss.  These arguments, which relate to the Chamber's *preferred* pleading standard rather than the application of the *existing* pleading standard, are better suited for a Congressional hearing room than a federal courtroom.  Allowing the Chamber to participate as *amicus* would only encourage the

Chamber to burden litigants and courts by filing similar briefs at the pleadings stage in virtually every ERISA class action in this District and around the country.  The Chamber's Motion should be denied.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide express guidance concerning the participation of *amicus curiae* in the federal district courts, nor is there a "controlling case [that] defines a federal district court's power to grant or deny leave to file an *amicus* brief."  *See U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007), *aff'd sub nom. U.S. ex rel. Gudur v. Deloitte & Touche*, No. 07-20414, 2008 WL 3244000 (5th Cir. Aug. 7, 2008).  Federal Rule of Appellate Procedure 29 sets forth standards for filing an *amicus* brief in the United States Courts of Appeals, and in the absence of controlling authority, district courts commonly refer to Rule 29 for guidance.  *Id.* (citing *Waste Management of Pa. v. City of York*, 162 F.R.D. 34, 36–37 (M.D. Pa. 1995)).  Courts may assess whether amicus briefing should be allowed include whether the proffered information is "timely and useful" or otherwise necessary to the administration of justice.  *Id.*[1]  Rule 29 further requires a motion for leave must include: (a) the movant's interest in the case; and (b) the reason why an *amicus* brief is desirable and why the matters asserted are relevant to the disposition of the case.  *See* FED. R. APP. P. 29.[2]

---

[1] The Chamber's claim that "judges in this District regularly permit *amici*" is disingenuous and misleading.  Both cases it cites for this proposition involved unopposed motions.  *See Texas v. Yellen*, No. 2:21-cv-00079-Z, ECF No. 17, at 4 (N.D. Tex. Oct. 20, 2021) (filing before defendant gave its position concerning the Chamber's request); *Grady v. Hunt County, Tex.*, No. 3:16-cv-01404-C, ECF No. 20, at 1 (N.D. Tex. July 7, 2016).

[2] It also bears noting that, in recognition of the limited purpose and role of *amici curiae*, the Federal Rules of Appellate Procedure provide "an *amicus* brief may be no more than one-half the maximum length authorized by these rules for a party's principal brief."  FED. R. APP. P. 29. This applies even when a party has been granted permission to file a longer brief.  At 17 pages, the Chamber's brief exceeds what it would be permitted even if granted leave to participate by in a federal appeals court.

Former Chief Judge of the Seventh Circuit, Richard Posner, has stated that the policy

reasons for denying or limiting *amicus* status include:

> [J]udges have heavy caseloads and therefore need to minimize extraneous reading; *amicus* briefs, often solicited by parties, may be used to make an end run around court-imposed limitations on the length of parties' briefs; the time and other resources required for the preparation and study of, and response to, *amicus* briefs drive up the cost of litigation; and the filing of an *amicus* brief is often an attempt to inject interest group politics . . . .

*Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2003).  Judge Posner has

further opined on the limited circumstances warranting *amicus* participation:

> An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case . . . or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an amicus brief should be denied.

*Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1063 (7th Cir. 1997); *see also In re*

*Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (denying non-party's request to be

considered as an amicus because there was "no evidence that any of the [parties] are poorly

represented, or that there is a case outside of those between [the parties] in which the [movant]

has an interest").

**III.    ARGUMENT[3]**

The Chamber's proposed *amicus* brief is neither useful or necessary because: (1) the

matters it seeks to address are overbroad and irrelevant; and (2) its partial and biased

participation is undesirable.

---

[3]As a preliminary matter, the Chamber's Motion may be considered untimely.  Rule 29 provides that an "amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed." FED. R. APP. P. 29; *see also Gudur*, 512 F. Supp. 2d at 928.  The Defendants filed their Motions to Dismiss on June 13, 2022 and the Chamber filed its Motion on June 21, 2022 (eight days later). The Chamber neither acknowledges or explains its untimeliness.

### A.   The Matters the Chamber Intends to Address are Irrelevant

The Chamber apparently wishes to provide its perspective on "the broader regulatory or commercial context" surrounding the Court's assessment of the Complaint.  Motion at 4.  Their generalized and sweeping salvos against ERISA class actions, however, are irrelevant to the Court's analysis of the pending motions to dismiss, which is a "context-specific inquiry" and "take[s] into account" fiduciaries' continuing duty to monitor plan investments and service arrangements.  *Hughes v. Northwestern Univ.*, 142 S. Ct. 737, 740 (2022) (citing *Tibble v. Edison Int'l*, 575 U.S. 523, 530 (2015)); *cf. Center for Biological Diversity v. Jewell*, 2017 WL 4334071, at *3-4 (D. Colo. May 16, 2017) (argument or evidence that would be futile in aiding the court's decision was irrelevant).  In assessing a motion to dismiss, the court looks at the sufficiency of the complaint's allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  The general "regulatory or commercial context" of ERISA class actions is not appropriate for the Court to consider in determining whether *Plaintiffs* state claims.  The Chamber's proffered "facts" or "context" is wholly irrelevant at the pleading stage.

The Chamber's brief advances a hyperbolic policy position concerning what it perceives to be the negative impact of fiduciary breach litigation, *not* a legal argument about the application of the existing pleading standard.  Accordingly, not only does the Chamber seek to address irrelevant matters, it seeks to present the Court with misleading and alarmist "facts" and argument.

### B.   The Chamber's Participation is not Desirable or Useful

The Chamber's participation would add nothing to the Court's consideration of the motion to dismiss and the Chamber's perspective is not desirable or helpful.  An *amicus* brief may be considered desirable "when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in

the present case . . . or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan*, 125 F.3d at 1063.

### 1.   The Parties are Adequately Represented and the Arguments Presented in the Proposed *Amicus* Brief is Duplicative

Not only are all parties in this case indisputably adequately represented, but Defendants already raised the same issues in their motions to dismiss that the Chamber raises in its proposed *amicus* brief.  These facts alone call for denial of the Chamber's Motion.  *See In re Halo*, 684 F.3d at 596 ("[w]hile the MoPSC may have a 'unique perspective,' due to its status as a regulator, its brief in fact contains no information or arguments that the Appellees did not already provide to the Court"); *see also Gudur*, 512 F. Supp. 2d at 928 (finding that the non-party would not be prejudiced if its brief was not considered because it "ha[d] not argued that Relator's counsel has inadequately argued the issues raised in [its brief]"); *Medina v. Catholic Health Initiatives*, 2015 WL 13683647, at *1 (D. Colo. Oct. 7, 2015) (denying motion for leave to file an amicus brief because the factors weighed against granting leave, "[e]specially considering the final and most relevant factor, defendants are more than adequately represented by competent counsel who have addressed at substantial length the factual and legal issues sought to be presented"); *Moore v. Humana, Inc.*, No. 3:21-cv-00232-RGJ, ECF No. 39, at 4 (W. Ky. March 31, 2022) (denying Chamber leave because its brief raised the same arguments as the defendants and would "not aid the Court in deciding the issues before it"); *In re American National Red Cross ERISA Litig.*, No. 1:21-cv-00541 (D.D.C. Dec. 7, 2021) (Sullivan, J.) (denying Chamber leave because it did not show a party was not adequately represented and its arguments were duplicative).

The Chamber's central arguments in its proposed *amicus* brief are that ERISA plaintiffs use "the benefit of hindsight" to illustrate the underperformance of investments and excessive fees (Motion, Ex. A, at 2-3, 6-9, 11-12), that passively managed funds can never be appropriate benchmarks to actively managed funds, and that plaintiffs inappropriately utilize "short-term returns" to analyze performance (*id*. at 13-15).  But those issues are already squarely addressed in Defendants' motions to dismiss.  *See* Memorandum of Law in Support of Fluor's Motion to Dismiss, ECF No. 43, at 9 (purported hindsight argument), 17-20 (short-term performance is inadequate), 20-22 (passively managed funds are inadequate benchmarks for actively managed funds); Defendant Mercer Investments, LLC's Memorandum in Support of its Motion to Dismiss Plaintiffs' Amended Complaint, ECF No. 42, at 8-9, 16-18 (hindsight), 11-13 (short-term performance), 18-21 (active versus passive).  Consequently, the Chamber's input is entirely duplicative and unnecessary.  *See Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763-64 (7th Cir. 2020) (*amicus* that "merely repeat (literally or through conspicuous paraphrasing) a party's position" should be rejected).

The circumstances here illustrate the sensibility of the limitations imposed by courts on *amici* participation.  Since the parties are adequately represented and the Chamber's arguments are duplicative of Defendants' motion to dismiss, the proposed *amicus* brief unfairly and unnecessarily provides Defendants an extra 17 pages of argument.[4]  Indeed, courts have expressed concern over the potential for abuse for *amicus* briefing at the district court level, as it "may be intended to circumvent the page limitations on the parties' briefs, to the prejudice of any party who does not have an amicus ally."  *Monarch Beverage Co. v. Johnson*, 2014 WL

---

[4]Accordingly, if the Court grants the Chamber's Motion, Plaintiffs request an opportunity to fully respond to the *amicus* brief.

7063019, at *2 (S.D. Ind. Dec. 11, 2014) (citations omitted);[5] *see also Voices for Choices*, 339 F.3d at 544; *Ryan*, 125 F.3d at 1064 (denying leave to file amicus brief that, "if allowed to be submitted, would in effect bring that length up to 62 pages" from the 45 submitted by the petitioner).[6]

In sum, there is no benefit warranting the Chamber's participation.

### 2.      The Chamber has no Legitimate Interest in this Private Action

The Chamber stated it has an interest "in ensuring that ERISA fiduciary breach claims are evaluated in a manner that properly preserves the flexible, process-oriented statutory prudence standard, which permits the Chamber's members to make judgments in the sole interests of their individual plans and participant populations," Motion at 3, but that is irrelevant to this *private* action.  While the Chamber may have an interest in decreasing litigation against businesses and professional organizations by preventing employees from bringing lawsuits against their employers, that is not an interest warranting *amicus* participation here.  Such generic interests may be enough for appellate matters involving questions of law that affect the interests of a

---

[5] Although the Chamber cites to *Neonatology Assocs., P.A. v. Comm'r* to support its view that its position is helpful, there is also a more liberal acceptance of amicus briefs at the appellate level because "such a motion may be assigned to a judge or panel of judges who will not decide the merits of the appeal, and therefore the judge or judges who must rule on the motion must attempt to determine, not whether the proposed amicus brief would be helpful to them, but whether it might be helpful to others who may view the case differently." *See Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002).

[6] It also bears noting that counsel for the Chamber, O'Melveny & Myers LLP, represented BlackRock, Inc. ("BlackRock") in a lawsuit that challenged the BlackRock investments at issue in this litigation.  *See generally Baird v. BlackRock Institutional Tr. Co.*, 403 F. Supp. 3d 765 (N.D. Cal. 2019).  Mercer was also a defendant in *Baird*.  Among the allegations in *Baird* were allegations suggesting BlackRock tried to "curry favor" with Mercer to obtain favorable ratings for their investment products.  *See* 403 F. Supp. 3d at 772.  At a minimum, Counsel's involvement in *Baird* raises the specter that the Chamber is impermissibly acting to advance the interests of certain parties, and confirms its proposed brief is little more than an additional mouthpiece for Defendants' arguments.

broader swath of interests, but the Chamber has no legitimate interest at the pleadings stage
before the Court.  Further, beside the purported broad interests of its members, the Chamber has
no "interest in some other case that may be affected by the decision in the present case."  *Ryan*,
125 F.3d at 1063; *In re Halo Wireless, Inc.*, 684 F.3d at 596.

### 3.    The Chamber Presents no Legitimate "Unique" Perspective

The Chamber hardly presents a unique perspective and makes little genuine attempt to
hold itself out as providing objective information to the Court.  In denying the Chamber's
appearance as *amicus curiae*, one court in the Western District of Kentucky recently doubted the
helpfulness of the Chamber's participation in large part because it "appear[ed] to be advocating
on behalf of Defendants, rather than 'provid[ing] *impartial* information' to the Court."  *Moore*,
No. 3:21-cv-00232-RGJ, ECF No. 39, at 3 (quoting *United States v. State of Mich.*, 940 F.2d
143, 164 (6th Cir. 1991)) (emphasis in original).  Even though the court in *Moore* acknowledged
the Chamber's "unique public policy arguments focusing on the outcome if the Court were to
deny Defendants' motion to dismiss," it recognized that "such arguments are not appropriate for
the Court to consider here, where only the current law is applicable to the Court's analysis."  *Id.*
(citing *Northwest Airlines, Inc. v. Transp. Workers Union of Am.*, 451 U.S. 77, 95 n. 34 (1981)
("once Congress addresses a subject . . . [t]hereafter, the task of the federal courts is to interpret
and apply statutory law, not to create common law"); *see also Fluor Corp. v. United States*, 35
Fed. Cl. 284, 286 (1996) ("Although *amicus curiae* briefs before appellate courts usually support
one side or the other, trial courts 'have frowned on participation which simply allows the *amicus*
to litigate its own views' or present 'its version of the facts.'") (quoting *American Satellite Co. v.
United States*, 22 Cl. Ct. 547, 549 (1991)); *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982)
("if the proffer [of an *amicus* brief] comes from an individual with a partisan, rather than
impartial view, the motion for leave to file an *amicus* brief is to be denied, in keeping with the

principle that an amicus must be a friend of the court and not a friend of a party to the cause."). That is exactly the case here, where the Chamber merely parrots Defendants' arguments.

The Chamber's participation may make more sense in cases that involve a clear public interest and implicate administrative authority, but those circumstances are clearly distinguishable from Defendants' motion to dismiss this ERISA action against fiduciaries of a private retirement benefits plan. Indeed, the Chamber cites to *Gallo v. Essex County Sheriff's Dept.* to support its contention that it brings a unique perspective, but the court in *Gallo* invited the Attorney General and the Secretary of the United States Department of Labor to give their perspective on their interpretation of the laws as public entities who may give insight into the law as it applies to other government actors. *See Gallo v. Essex County Sheriff's Dept.*, 2011 WL 1155385, at *6 n.7 (D. Mass. Mar. 24, 2011). The Chamber's Motion is transparently in service of its efforts to promote a heightened pleading standard, which Congress has not enacted in ERISA breach of fiduciary duty actions; this project is inappropriate before the Court. Indeed, it seems the Chamber's only agenda in its brief is to cry wolf about the recent "flood of fiduciary-breach litigation," Motion, Ex. A, at 16-17, which is the sort of policy position more appropriately directed at lawmakers. The question of whether Plaintiffs state claims for breach of fiduciary duty and related violations of ERISA sufficient to survive a motion to dismiss, however, is based on the current pleading standard, not the Chamber's preferred standard.

### 4. The Chamber's Other Authorities are Meaningless

The Chamber also exaggerates the breadth of its participation in ERISA cases addressing the pleading standard for fiduciary breach cases. The Chamber cites to Supreme Court and circuit cases in which it has participated as *amicus* to support its participation here. *See* Motion, at 2 (citing *Hughes*, 142 S. Ct. at 737; *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409 (2014); *Sweda v. Univ. of Pa.*, 923 F.3d 320 (3d Cir. 2019); *Meiners v. Wells Fargo Co.*, 898

F.3d 820 (8th Cir. 2018)).  However, *none* of these cases considers a party's opposition to the Chamber's participation and the circumstances are far different in an appellate court, where the decision is far likelier to impact parties not before the courts.  Moreover, the decisions in the cases cited by the Chamber gave little credence to the Chamber's respective positions, much less indicate that the respective courts found the Chamber's participation helpful in reaching a decision.  Indeed, although the court in *Sweda* allowed the Chamber to participate as *amicus* over the petitioner's opposition, it ultimately dismissed the Chamber's "fear of frivolous litigation" because "neither statute nor . . . precedent justifies" a rule that every fiduciary who selects a "mix and range" of investment options should be insulated from liability.  *Sweda*, 923 F.3d at 334.

The Chamber's other authorities also fail to support that district courts routinely accept its *amicus* briefs, as they are nothing more than summary docket entries or other orders that do not provide reasoning or analysis for granting leave.  *See Baumeister v. Exelon Corp.*, No. 21-6505, ECF No. 44 (N.D. Ill. Mar. 11, 2022) (docket entry); *see also Singh v. Deloitte*, No. 21-8458, ECF No. 41 (S.D.N.Y. Apr. 14, 2022) (summary order); *Barcenas v. Rush Univ. Med. Ctr.*, No. 22-366, ECF No. 38 (N.D. Ill. Apr. 4, 2022) (summary order granting leave before plaintiffs could file opposition); *Clark v. Beth Israel Deaconess Med. Ctr.*, No. 22-10068 (D. Mass. May 24, 2022) (same); *Carrigan v. Xerox Corp.*, No. 21-1085-RNC (D. Conn. Nov. 10, 2021), ECF No. 54, 55 (unopposed motion).

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny the Motion.  If the Court grants the Motion, Plaintiffs respectfully request an opportunity to respond to the Chamber's *amicus* brief in full.

DATED:  June 29, 2022                          Respectfully submitted,

                                               */s/ Laurie Rubinow*
                                               James E. Miller
                                               Laurie Rubinow
                                               MILLER SHAH LLP
                                               65 Main Street
                                               Chester, CT 06412
                                               Telephone: (866) 540-5505
                                               Facsimile:  (866) 300-7367
                                               Email: jemiller@millershah.com
                                                      lrubinow@millershah.com

                                               James C. Shah
                                               Alec J. Berin
                                               MILLER SHAH LLP
                                               1845Walnut Street, Suite 806
                                               Philadelphia, PA 19103
                                               Telephone: (866) 540-5505
                                               Facsimile: (866) 300-7367
                                               Email: jcshah@millershah.com
                                                      ajberin@millershah.com

                                               Kolin C. Tang
                                               MILLER SHAH LLP
                                               19712 MacArthur Blvd.
                                               Irvine, CA 92612
                                               Telephone: (866) 540-5505
                                               Facsimile: (866) 300-7367
                                               Email: kctang@millershah.com

                                               Anthony L. Vitullo
                                               Fee, Smith, Sharp & Vitullo LLP
                                               Three Calleria Tower
                                               13155 Noel Road, Suite 1000
                                               Dallas, Texas 75240
                                               Telephone: (972) 934-9100
                                               Facsimile: (972) 934-9100
                                               Email: lvitullo@feesmith.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on June 29, 2022, Plaintiffs' Opposition to Motion for Leave to File Brief of *Amicus Curiae* Chamber of Commerce of the United States of America was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.

*/s/ Laurie Rubinow*
Laurie Rubinow